UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MISAEL HERNANDEZ-HERNANDEZ,

Defendant.

NO. CR-02-2127-RHW

**ORDER DISMISSING DEFENDANT'S § 2255 PETITION**

Before the Court is Defendant's Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 42), filed February 1, 2005. Defendant pleaded guilty to being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326, and on December 17, 2002, was sentenced to 65 months of incarceration, 3 years of supervised release, and a $100 special penalty assessment. Defendant appealed this sentence to the Ninth Circuit, and the Ninth Circuit affirmed on June 30, 2004.

**DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court

shall cause notice thereof to be served upon the United States attorney." Section 2255. Pursuant to Rule 4(b), Rules Governing Proceedings in the United States District Courts under Section 2255, the Court may, *sua sponte*, dismiss the motion if "it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court."

Defendant is asserting that his sentence imposed by this Court is in error because (1) Defendant was illegally sentenced; (2) the 16-point enhancement was incorrectly applied; and (3) Defendant was sentenced above the statutory maximum. In reviewing Defendant's § 2255 petition, it is clear that Defendant is entitled to no relief.

Defendant incorrectly argues under Ground (1) that it is illegal to plead under § 1326(a) and be sentenced under § 1326(b)(2). Defendant contends that he was unconstitutionally sentenced in excess of the maximum authorized by law. Because Defendant pleaded under § 1326(a), which carries a maximum imprisonment of two years, Defendant believes that his current sentence of sixty-five months was illegally imposed.

Defendant, however, misunderstands the framework of the statute. Section 1326(a) outlines the offense and provides a minimum sentence to be imposed for violators of that offense. The following provision, § 1326(b), provides more excessive sentences to be imposed for those defendants who commit the offense subsequent to conviction for certain crimes.

Defendant was convicted under § 1326(b)(2) because he illegally returned to the United States after having been deported subsequent to an aggravated felony conviction. Under his applicable statutory subsection, the maximum sentence authorized by law increases to twenty years. Section 1326(b)(2) is only a penalty provision. *See Almendarez-Torres v. United States*, 523 U.S. 224, 231 (1998). It does not serve to define a separate immigration-related offense. *Id* at 225. Notably, the statute includes the words "subject to subsection (b)" at the beginning of

subsection (a) and "notwithstanding subsection (a)" at the beginning of subsection (b). Moreover, the fact that Congress intended to treat this subsection as a sentencing factor, rather than an element of the offense, does not exceed due process or other constitutional limits on Congress's power to define elements of a crime. *Id*. at 234-37.

With respect to Ground (2), Defendant appears to be asserting that the sixteen-point enhancement was imposed in violation of Defendant's Fifth and Sixth Amendment rights. Defendant contends that the enhancement was incorrectly applied because it was a sentencing factor that was not charged in the indictment. Defendant appears to assert that it is unconstitutional for a court to withhold any fact that increases the penalty for a crime beyond the statutory maximum. Defendant also argues that it should not be applied because he did not stipulate or admit to the additional factors.

Defendant's argument is without merit and based on a flawed understanding of the application of sentencing factors. The United States is not required to cite such factors in its indictment. Under the Due Process Clause of the Fifth Amendment and the notice and jury guarantees of the Sixth Amendment, it is well-settled that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury . . ." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added); *United States v. Quintero-Junco*, 2005 WL 1635344 (9th Cir. 2005) (finding that district court did not violate defendant's constitutional rights by enhancing his sentence under § 1326 based on his prior conviction.) Here, the Defendant's 16-point enhancement was predicated upon his prior aggravated felony conviction. Moreover, Defendant stipulated to a crime of violence in an earlier court proceeding. That stipulation provides the basis for Defendant's enhanced sentence.

Under Ground (3), Defendant asserts that his sentence was imposed in excess of the maximum authorized by law. Defendant contends that recent case

law mandates that his prior sentencing factors should not have been considered by this Court. Under Defendant's reasoning, his base offense level of eight, coupled with a criminal history of I, would create a statutory maximum of six months.

This contention is erroneous for two reasons. First, this Court properly applied the Federal Sentencing Guidelines. Defendant is correct in asserting that a § 1326 violation provides a base offense level of eight. *See* U.S.S.G. § 2L1.2(a). That base level, however, increases by 16 points when a defendant has been previously convicted of a felony that constitutes a crime of violence. *See* § 2L1.2(b)(1)(A)(ii). Because Defendant has a prior aggravated felony conviction, his final offense level of 24, coupled with a criminal history of II for his prior conviction, produces a sentence of 57-71 months. Thus, Defendant's sentence of 65 months clearly falls below the statutory maximum.

Second, Defendant relies on two recent Supreme Court decisions that are inapplicable to his case. *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005) cannot be applied to Defendant's § 2255 motion. Courts have consistently held that neither *Blakely* nor *Booker* should be applied retroactively to cases on collateral review. *Schardt v. Payne*, 2005 WL 1593468 (9th Cir. 2005); *Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 862-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Furthermore, the Supreme Court specifically stated in *Booker* that its holdings apply "to all cases on direct review." 125 S. Ct. at 769. This statement evidences the Supreme Court's intent that *Booker* should not be applied retroactively to cases on collateral review. Consequently, the recent decisions have no bearing on Defendant's case.

For these reasons, Defendant is not entitled to any relief in the district court, and summary dismissal is proper.

Accordingly, **IT IS HEREBY ORDERED** that the Defendant's Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (Ct. Rec. 42) is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, to provide copies to the Defendant, and **close** the file.

**DATED** this 25th day of July, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2002\Hernandez-Hernandez.2255.memo.wpd